969 F.2d 848
 The CROW TRIBE OF INDIANS, Plaintiff-Appellee,
v.
STATE OF MONTANA; Denis Adams, Director, Montana Department
of Revenue; Big Horn County, Montana; Lorraine
Hamilton, Treasurer, Big Horn County,
Montana, Defendants-Appellants,
and
Westmoreland Resources, Inc. Defendant-Intervenor,
v.
UNITED STATES of America, Plaintiff-Intervenor-Appellee.
 No. 91-35682.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 9, 1992.
Decided July 23, 1992.
 
 Clay R. Smith, Sol., State of Mont., Helena, Mont., John W. Ross, Sp. Asst. Atty. Gen., Billings, Mont., Christine A. Cooke, Big Horn County Atty., Hardin, Mont., for defendants-appellants.
 Robert S. Pelcyger, Fredericks, Pelcyger & Hester, Boulder, Colo., for plaintiff-appellee.
 Edward J. Shawaker and Elizabeth Ann Peterson, U.S. Dept. of Justice, Washington, D.C., for plaintiff-intervenor-appellee.
 Appeal from the United States District Court for the District of Montana.
 Before: ALARCON, RYMER, and T.G. NELSON, Circuit Judges.
 
 ORDER
 
 1
 The district court certified for interlocutory appeal its denial of appellant's Motion to Dismiss for failure to state a claim on which relief can be granted. This court granted permission for the appeal on July 17, 1991.
 
 
 2
 The sole issue on this appeal is whether the Crow Tribe and the United States, as its trustee, can state a claim for relief in claiming assumpsit, for money had and received, and constructive trust in its Fourth Amended Complaint. Montana contends there must be, if not privity, then a duty inter sese between the interests of the Crow Tribe and the money collected from a third person by Montana's void tax. This contention was already addressed by this court in Crow Tribe of Indians v. State of Montana, 819 F.2d 895 (9th Cir.1987) (Crow II), aff'd, 484 U.S. 997, 108 S.Ct. 685, 98 L.Ed.2d 638 (1988), when we said:
 
 
 3
 Montana argues that its taxes do not burden Crow's economic interests because the Tribe itself does not pay the tax. In other words, the taxes were imposed on the lessee, Westmoreland, and the Tribe had no duty to reimburse. So, says Montana, the Tribe's economic interests were not affected.
 
 
 4
 We have already rejected this argument. [Crow Tribe of Indians v. State of Montana ] Crow I, 650 F.2d [1104] at 1113 n. 13. [9th Cir.1981]. The state taxes increase the costs of production by the coal producers, reducing in turn the royalty that can be paid the Tribe. The taxes also forced the coal producers to charge higher prices, reducing the demand for their Montana coal and resulting in fewer sales for the producers and fewer royalties to the Tribe.
 
 
 5
 819 F.2d at 899.
 
 We went on to say in Crow II:
 
 6
 Montana taxes mineral resources that are "a component of the reservation land itself." Crow I, 650 F.2d at 1117. The tax revenue from coal production could generate funds for tribal services and provide employment for tribal members. [New Mexico v. ] Mescalero, 462 U.S. at 341, 103 S.Ct. [2378] at 2390 [76 L.Ed.2d 611 (1983) ]. By taking revenue that would otherwise go towards supporting the Tribe and its programs, and by limiting the Tribe's ability to regulate the development of its coal resources, the state tax threatens Congress' overriding objective of encouraging tribal self-government and economic development.
 
 
 7
 819 F.2d at 902-903.
 
 
 8
 Permission to appeal was improvidently granted. Appeal DISMISSED.